UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RASHA JAHAAD CUMMINGS,

    Plaintiff,

v.                                    Case No. 5:22-cv-163-TKW/MJF

BART LOWRY and GULF COUNTY
DETENTION FACILITY,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Because Plaintiff failed to comply with court orders, failed to prosecute this action, and failed to pay the filing fee, the District Court should dismiss this action without prejudice.

On August 26, 2022, the undersigned ordered Plaintiff to file a notice of voluntary dismissal or an amended complaint, and if he filed an amended complaint, to pay the $402.00 filing fee or file a fully-completed motion for leave to proceed *in forma pauperis*. Doc. 4. The undersigned imposed a deadline of September 26, 2022 to comply and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. Plaintiff did not comply with that order.

On October 3, 2022, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of August 26, 2022.

Doc. 7. The undersigned imposed a deadline of October 24, 2022 to comply and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action.

On October 17, 2022, Plaintiff filed an incomplete motion for leave to proceed *in forma pauperis*. Doc. 8. He did not file an amended complaint. On November 7, 2022, the undersigned denied Plaintiff's motion because it was deficient and ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of August 26, 2022. Doc. 9. The undersigned imposed a deadline of November 28, 2022 to comply and warned Plaintiff—for a third time—that the failure to comply with the order likely would result in dismissal of this action. As of the date of this report and recommendation, Plaintiff has not complied with that order.

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). Because Plaintiff failed to comply with court orders, failed to prosecute this action, and failed to pay the filing fee—despite having *more than four months* to do so—the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice for failure to comply with court orders, failure to prosecute, and failure to pay the filing fee.[1]

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>28th</u> day of December, 2022.

        /s/ *Michael J. Frank*
        **Michael J. Frank**
        **United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**

---

[1] Several orders issued by the undersigned were returned to the clerk of the court as "undeliverable." Docs. 5, 6, 10. But that does not alter the undersigned's recommendation. Plaintiff is responsible for keeping the court apprised of his current address, and his failure to do so here further evidences his failure to prosecute this action. *See* Doc. 3 at 2; Doc. 4 at 3–4. Additionally, the clerk of the court remailed an "undeliverable" order to an updated address for Plaintiff. Doc. 10. The remailed order has not been returned to the clerk of the court, and Plaintiff has not responded to the order in any respect.